**Igede Jaya WIRAWAN, Ni Made Yenawati, Petitioners,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–1367–ag.

United States Court of Appeals, Second Circuit.

Sept. 19, 2008.

Scott E. Bratton, Cleveland, OH, for Petitioners.

Gregory G. Katsas, Assistant Attorney General, Richard M. Evans, Assistant Director, Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioners Igede Jaya Wirawan and Ni Made Yenawati, citizens of Indonesia, seek review of a February 22, 2008 order of the BIA, affirming the July 25, 2006 decision of Immigration Judge ("IJ") Michael W. Straus, denying their application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Igede Jaya Wirawan, Ni Made Yenawati,* Nos. A99 583 317/318 (B.I.A. Feb. 22, 2008) *aff'g* Nos. A99 583 317/318 (Immig. Ct. Hartford, CT July 25, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review *de novo* questions of law and

the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

*Asylum and Withholding of Removal*

We conclude that as no reasonable adjudicator would be compelled to find Wirawan and Yenawati eligible for asylum and withholding of removal. Accordingly, the petition for review is denied. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao,* 482 F.3d at 126. Eligibility for asylum and withholding of removal is contingent upon a showing of, *inter alia,* past persecution, or an objectively reasonable fear of future persecution, on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). As the IJ determined, Wirawan and Yenawati failed to establish that they suffered past persecution where both testified that neither they nor their families had suffered any harm in Indonesia. *Cf. Poradisova v. Gonzales,* 420 F.3d 70, 80 (2d Cir.2005) (finding that the experience of similarly-situated friends and family is relevant to an applicant's well-founded fear). Accordingly, the only basis for relief was their alleged fear of future persecution stemming from the 2002 and 2005 bombings in Bali.

A review of the background materials reveals substantial evidence in support of the IJ's determination that Wirawan and Yenawati failed to establish an objectively reasonable fear of future persecution on account of their Hindu religion. Their claim was, essentially, that because the bombings were committed by radical Muslims in an area of Indonesia that was largely Hindu, they would be subject to persecution. *See Ramsameachire,* 357

F.3d at 178 (holding that the objective reasonableness of his fear, in turn, depends on "the context and believability he can establish for his claims through presentation of reliable, specific, objective supporting evidence" (internal quotations omitted)).

The background materials provided, in relevant part, that: (1) while Indonesia is 87% Muslim, Bali is between 87% and 94.6% Hindu; (2) most of the deaths resulting from the bombings were Australian tourists; and (3) the Indonesian government prosecuted individuals responsible for the bombing, sentenced three of them to death, and increased its cooperation with the U.S. government. While background materials describe some tension between Hindu Balinese and Muslim migrants to Bali, such evidence does not compel us to reach a conclusion contrary to that of the IJ. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao,* 482 F.3d at 126. Thus, because the background materials do not provide "reliable, specific, [or] objective supporting evidence" for petitioners' claim that they would be persecuted if returned to Bali, they have failed to establish any error in the IJ's decision. *See Ramsameachire,* 357 F.3d at 178.

*CAT*

As Wirawan and Yenawati included only a single conclusory sentence regarding their entitlement to CAT relief in their brief to this Court, we deem the CAT claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005) (holding that a claim is waived where the argument in the brief to this Court consisted of only a single conclusory sentence).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a

stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).